UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN MCCAUSLAND, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PEPSICO, INC.,<br><br>    Defendant. | Case No.  23-cv-04526-PCP<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART AND DENYING IN PART**<br><br>Re: Dkt. No. 31 |

In this class action lawsuit, plaintiffs Ian McCausland, Carlo Garcia, and Michael Zurl allege that PepsiCo, Inc. deceptively advertises and labels its Gatorade Protein Bars.[1]

PepsiCo now moves to dismiss plaintiffs' first amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth herein, PepsiCo's motion is granted in part and denied in part.

**PROCEDURAL BACKGROUND**

PepsiCo previously moved to dismiss plaintiffs' initial complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court granted its motion in part and denied its motion in part.

Specifically, the Court rejected PepsiCo's motion to dismiss plaintiffs' complaint in its entirety on the ground that plaintiffs' claims were preempted by the FDCA or because plaintiffs had not plausibly alleged that PepsiCo's labeling and marketing of the Gatorade Protein Bars is

---

[1] The general allegations giving rise to this case are set forth in this Court's order granting in part and denying in part PepsiCo's motion to dismiss plaintiffs' initial complaint. *See* Dkt. No. 24. For purposes of PepsiCo's renewed Rule 12(b)(6) motion to dismiss, the Court accepts as true the allegations in plaintiffs' first amended complaint and relies upon those allegations as relevant below.

likely to deceive a reasonable consumer. The Court also rejected PepsiCo's argument that plaintiffs failed to state a claim under either the "unlawful" or "unfair" prongs of California's UCL. The Court granted PepsiCo's motion to dismiss plaintiffs' request for equitable restitution and injunctive relief.

Plaintiffs then filed the operative first amended complaint, modestly amending the allegations in support of their requests for equitable restitution and injunctive relief. In moving to dismiss plaintiffs' first amended complaint, PepsiCo raises arguments similar to those presented in its previous motion to dismiss.

## LEGAL STANDARDS

### I. Rule 12(b)(1)

A complaint that fails to establish a federal court's subject matter jurisdiction may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), an attack on jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial attack accepts the truth of the plaintiff's allegations but asserts they are "insufficient on their face to invoke federal jurisdiction"; such an attack is resolved by the district court as it would resolve a motion to dismiss under Rule 12(b)(6). *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When considering such a Rule 12(b)(1) motion, the Court must "take the allegations in the plaintiff's complaint as true." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a factual attack, however, a defendant "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

### II. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." If the complaint does not do so, the defendant may move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the

2

1  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556
2  U.S. 662, 677–78 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint
3  lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."
4  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule
5  12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible
6  on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

   In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

   Materials outside the complaint can be considered on a Rule 12(b)(6) motion if they are incorporated by reference therein or otherwise judicially noticeable. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A [district] court may [ ] consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). The Court may consider documents which are "not physically attached to the complaint" "if the [ ] 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir.1998)).

## ANALYSIS

### I.   PepsiCo's request for judicial notice is granted.

PepsiCo requests that this Court take judicial notice of the complete packaging and labels for Gatorade Protein Bars. Because these materials are discussed extensively in the first amended complaint and central to plaintiffs' claims, the Court grants PepsiCo's request. *See Marder v.*

3

*Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

## II. Plaintiffs plausibly allege claims of consumer deception.

PepsiCo argues that plaintiffs' first amended complaint fails to omit certain allegations that the Court found preempted in its prior order. According to PepsiCo, without those allegations plaintiffs fail to state a plausible consumer deception claim.

The Court begins by noting that the plain text of its prior order does not find all of the allegations that PepsiCo identifies to be preempted by the FDCA. For example, the Court expressly deferred determining whether certain protein allegations were preempted, noting that the "parties' disagreement about the application of the FDA's 'characterizing ingredient' regulations to Gatorade Protein Bars presents factual issues that cannot be resolved on a Rule 12(b)(6) motion to dismiss." For the same reason, the Court again cannot decide on this motion to dismiss whether those protein allegations are preempted.

Separately, the Court expressly held that the sugar labelling allegations, although "preempted to the extent that they seek to impose labeling requirements that are not identical to the requirements of federal law," remained "relevant to determining what a reasonable consumer might understand about the bars' sugar content and whether PepsiCo's other statements about its bars are misleading or deceptive in light thereof." The plaintiffs did not err by keeping these partially preempted allegations in their first amended complaint.

In any event, the Court did not rely on the allegations that it did find preempted in holding that plaintiffs' original complaint stated a plausible consumer deception claim. Plaintiffs' allegations in support of their consumer deception claims have not changed in the amended complaint. Accordingly, PepsiCo's motion to dismiss those claims is denied for the same reasons set forth in the Court's prior order.

### III. Plaintiffs plausibly state claims under the "unlawful" and "unfair" prongs of the UCL.

Because the Court finds that plaintiffs continue to state plausible claims of consumer deception, plaintiffs plausibly state derivative UCL claims. Accordingly, PepsiCo's motion to dismiss plaintiffs' UCL claim is denied.

### IV. Plaintiffs lack Article III standing to seek injunctive relief.

"[A] previously deceived plaintiff may have standing to seek injunctive relief" where her inability to rely on the defendant's representations prevents the plaintiff from purchasing a product that she would otherwise purchase. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 & n.5 (9th Cir. 2018). In granting in part PepsiCo's first motion to dismiss, the Court dismissed the plaintiffs claim for injunctive relief for lack of standing with leave to amend, concluding that plaintiffs had not alleged a concrete threat of future harm because:

> plaintiffs [ ] need not rely upon PepsiCo's marketing, advertising, and labeling of Gatorade Protein Bars to determine whether they contain levels of total or added sugar in amounts they deem unhealthy. They can instead find that information by reviewing the labels on the bars. Although the disclosure of sugar content therein might be insufficient to prevent a reasonable consumer from being deceived by PepsiCo's advertising and marketing campaign, as plaintiffs allege, plaintiffs can no longer claim such ignorance after having filed this lawsuit. As sophisticated consumer litigants now aware of the relationship between the amounts of sugar disclosed on the bars' labels and their own health concerns, plaintiffs can avoid any future injury simply by reviewing the bars' labels.

In their first amended complaint, plaintiffs again request injunctive relief and add the following allegations to address the Court's reasoning: that they (1) make food purchases "without researching the labeling fine print as a matter of both necessary expediency and habit," FAC ¶¶ 31, 43, 545, and (2) "intend[ ] to, seek[ ] to, and will purchase the Product again when [they] can do so with the assurance its representations are consistent with [the Products'] attributes and/or composition," *id.* at ¶¶ 30, 42, 54.

PepsiCo argues that these additional allegations do not establish plaintiffs' standing to seek injunctive relief for the same reasons articulated in the Court's prior order. The Court agrees. "[T]he facts [of *Davidson*] were unique, leaving plaintiff vulnerable to be injured again—

5

irrespective of knowledge gained by the plaintiff during litigation." *Caldwell v. Nordic Nats., Inc.*, 709 F. Supp. 3d 889, 911 (N.D. Cal. 2024). Because plaintiffs here are aware that they can review the product's label to ascertain the bars' sugar content, they face no such vulnerability. Indeed, the case that plaintiffs rely on demonstrates why their additional allegations do not establish their standing to seek injunctive relief. In *Miller v. Nature's Path Foods, Inc.*, No. 23-CV-05711-JST, 2024 WL 4177940 (N.D. Cal. Sept. 11, 2024), the court found that the plaintiff possessed standing to pursue injunctive relief where the claim at issue was that the product labeling disclosed the *incorrect amount* of protein per serving such that the plaintiff was truly unable to rely on the defendant's label despite being on notice. Here, plaintiffs are aware of the accurate information about sugar content located on the bars' back label, such that they can no longer reasonably claim the advertising misleads them. The plaintiffs cannot manufacture a concrete threat of future harm by simply alleging that they do not read labels. Even if habit or expediency might justify a reasonable consumer's failure to review the bars' label, plaintiffs here have now acquired knowledge of the information disclosed therein and cannot choose to ignore that knowledge when making future purchasing decisions.

Accordingly, plaintiffs' request for injunctive relief is dismissed for lack of standing without leave to amend. Because the claim is dismissed for lack of standing, the dismissal is without prejudice

## V. Plaintiffs fail to plead an entitlement to equitable relief.

In addition to injunctive relief, plaintiffs seek equitable monetary relief in the form of "disgorgement and restitution of all monies from the sale of Gatorade Protein Bars that were unjustly acquired." The Court dismissed this request in plaintiffs' initial complaint because they failed to allege that they lacked an adequate legal remedy as required to state a claim for equitable relief. PepsiCo argues that plaintiffs' request for equitable relief in its first amended complaint fails for the same reason. The Court agrees. In their first amended complaint, plaintiffs have added a conclusory allegation that they "lack an adequate remedy at law." FAC ¶¶ 151, 159, 166, 172. To plausibly allege that a party lacks an adequate legal remedy, however, plaintiffs must "explain how the money they seek through restitution is any different than the money they seek as

damages." *In re Apple Processor Litig.*, No. 22-16164, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023) (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)). Plaintiffs fail to allege any facts supporting their allegation that they lack an equitable legal remedy.

Accordingly, plaintiffs' claims for monetary relief under the UCL and CLRA are dismissed without leave to amend. Because the dismissal is premised upon the Court's inability to assert equitable jurisdiction over these requests for monetary relief, the dismissal is without prejudice to plaintiffs' reassertion of those claims in a state court not subject to such restrictions.

## CONCLUSION

For the foregoing reasons, PepsiCo's motion to dismiss is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated: March 6, 2025

P. Casey Pitts
United States District Judge