JUST FOOD LAW PLLC
Maia Kats (pro hac vice)
maiakats@justfoodlaw.com
5335 Wisconsin Avenue, NW, Ste. 440
Washington, DC 20015
Telephone: (202) 243-7910

KUZYK LAW, LLP
Michael D. Braun (SBN 167416)
mdb@kuzykclassactions.com
2121 Avenue of the Stars, Ste. 800
Los Angeles, CA 90067
Telephone: (213) 401-4100
Facsimile: (213) 401-0311

*Attorneys for Plaintiffs*

ANDREW S. TULUMELLO (SBN #196484)
drew.tulumello@weil.com
ARIANNA SCAVETTI, *pro hac vice*
arianna.scavetti@weil.com
DAN NADRATOWSKI, *pro hac vice*
daniel.nadratowski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: 202 682 7000

*Attorneys for Defendant PepsiCo, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN MCCAUSLAND, CARLO GARCIA, and MICHAEL ZURL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEPSICO, INC.,<br><br>Defendant. | Case No. 5:23-CV-04526-PCP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Initial Case Management Conference**<br>Date: April 4, 2025<br>Time: 1:00 p.m.<br>Courtroom: 8<br>Judge: Hon. P. Casey Pitts |

**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT[1]**

Plaintiffs Ian Mccausland, Carlo Garcia, and Michael Zurl, and Defendant PepsiCo, Inc. ("Parties"), by and through their counsel, met by Zoom on March 18, 2025 to meet and confer as required by Federal Rule of Civil Procedure 26(f), and hereby submit the following Joint Case Management Statement and Fed. Rule 26(f) Report pursuant to Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and Federal Rule of Civil Procedure 26(f) in advance of the Case Management Conference scheduled in the above-captioned case for April 4, 2025.

1. **JURISDICTION AND SERVICE**

Plaintiffs assert that the Court has subject matter jurisdiction in this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(d). Plaintiff Mccausland is a resident of San Jose, Santa Clara County and alleges that he purchased the products at issue in this case—PepsiCo's Gatorade Protein Bars (the "Products")—in the County. Defendant Pepsi is a public corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Purchase, New York. The amount in controversy exceeds $5,000,000. No issues exist regarding personal jurisdiction or venue and no parties remain to be served.

2. **FACTS**

**Plaintiffs' Statement**

This is an action under the consumer protection statutes and laws of California and New York alleging that PepsiCo, the largest processed food company in North America, unlawfully and deceptively advertises and markets its Gatorade Protein Bars as beneficial to physical fitness and overall wellness when the Product is actually a fortified junk food the routine consumption of which, according to the leading authorities, links with serious health risks and disease, including diabetes (now a pandemic) and cardiovascular disease. With its 28 grams of added sugar per serving, each Product contains almost three times more added sugar than a chocolate frosted Dunkin' donut with sprinkles, and far more added sugar

---

[1] The Parties expressly reserve all rights, claims, objections, and defenses, and, by entering into this Joint Case Management Statement, in no way intend to waive any rights they may wish to exercise or assert in this action.

than most candy bars on supermarket shelves as well as competitor protein bars. In fact, the amount in each Gatorade Protein Bar exceeds the daily recommended ceiling on added sugars for women and children per the American Heart Association ("AHA"), and nearly reaches it (78%) for men—in a single serving of a single food item—and contains more added sugar than protein.

The Court has already addressed many of the issues raised in this litigation in its decision issued on August 14, 2024, granting in part and denying in part PepsiCo's Motion to Dismiss, and again more recently in its decision issued on March 6, 2025 granting in part and denying in part PepsiCo's Motion to Dismiss the First Amended Complaint. Therefore, Plaintiffs do not believe that the case creates complex legal issues. Plaintiffs believe the focus of the litigation will be on ascertaining the size of the class, the identity of its members, and the amount of monetary damages.

**PepsiCo's Statement**

Plaintiffs are residents of California and New York who allege they bought the Products from Amazon. Gatorade Protein Bars are sports recovery bars formulated with high amounts of protein and carbohydrates to help athletes rebuild their muscles and refuel their energy after exercise. Gatorade Protein Bars come in a variety of flavors, including Chocolate Chip, Chocolate Caramel, Cookies and Creme, Peanut Butter Chocolate, Mint Chocolate Crunch, Chocolate Pretzel, and S'mores. The Products' packaging and marketing inform consumers that each bar contains 20 grams of protein, and that the protein is there "to help muscles rebuild." The packaging also depicts logos for several professional sports leagues, and the marketing emphasizes that the Products are intended "for athletic recovery." *See id.* ¶ 61, Images 1 through 7. The front of the box displays the amount of sugar in the Products. The Nutrition Facts Panel also describes the Products' full nutrient profile, including the amounts of total and added sugars and the % Daily Value of added sugars in each bar. Nothing on the Products' packaging or marketing states that Gatorade Protein Bars are generally "healthy" or "low in sugar." *See id.*

Plaintiffs are consumers who allege that they were misled about the amount of added sugars in the Products. They allege that the labels led them to believe that the Products would benefit their overall health and that they would not have purchased the products had they understood their actual nutritional

character. *Id.* ¶¶ 28, 40, 52. Despite the fact that Plaintiffs claim to be "fitness enthusiast[s]," *id.* ¶¶ 21, 33, 45, they allege that they were "not sufficiently nutritionally literate, or sophisticated scientifically, to comprehend that the amount of added sugars in the Products [was] high and/or excessive[.]" *Id.* ¶ 71. Plaintiffs do not allege that they looked at the Nutrition Facts Panel to determine whether the Products contained added sugars, and if so, how much. Instead, they state that they do not "research[] the labeling fine print" as a matter of "expediency and habit." They seek to hold PepsiCo liable for allegedly deceiving them about the Products.

### 3. LEGAL ISSUES

**Plaintiffs' Statement**

Plaintiffs allege that Defendant's conduct violates California's Business and Professions Code § 17200, et. seq., California's Business & Professions Code § l7500, et. seq., California Civil Code § 1750, et seq., and New York General Business Law §§ 349 and 350.

**PepsiCo's Statement**

PepsiCo submits that this case will present the following legal issues: (1) whether a reasonable consumer would understand the challenged statements, including sports league logos, "20G PROTEIN" "PROTEIN TO HELP MUSCLES REBUILD," "high quality whey," made to "replenish and rebuild muscles," and "THE PROTEIN BAR PROVIDER" to promise a product low in added sugars, to give rise to a finding of liability under the relevant law; (2) whether reasonable consumers know to look at the Nutrition Fact Panel to determine the amount of added sugar in a food product; (3) whether Plaintiffs' claims are preempted under the Food, Drug, and Cosmetic Act ("FDCA") and accompanying Food and Drug Administration ("FDA") regulations because FDA has declined to make statements about nutrient content, including protein, contingent on added sugar content; (4) whether Plaintiffs or any other consumers relied on the statements; (5) whether Plaintiffs or any other consumers suffered any injury; (6) whether it is possible to certify a class alleging that the marketing and labeling of Gatorade Protein Bars misled consumers, given the numerous individualized factors and variables, including factors motivating purchasing decisions, understanding of the term "protein," expectations regarding sugar content in dessert-flavored bars, observation of the prominent sugar labeling on the front of the Products'

packaging, and review of detailed information in the Nutrient Facts Panel; and (7) whether it is possible to calculate any measure of damage or restitution for a class that has such differing characteristics and expectations regarding purchases of the challenged Products.

**4. MOTIONS**

*Prior Motions*

On September 27, 2024, PepsiCo moved to dismiss Plaintiffs' First Amended Complaint. Dkt. 31. On March 6, 2025, the Court granted in part and denied in part PepsiCo's Motion to Dismiss Plaintiffs' First Amended Complaint. Dkt. 44.

*Pending Motions*

None.

*Anticipated Motions*

Going forward, the Parties anticipate Plaintiffs will file a motion for class certification and that PepsiCo will oppose the motion for class certification. The Parties further anticipate that one or both Parties may move for summary judgment.

**5. AMENDMENT OF PLEADINGS**

The Parties propose a deadline of August 1, 2025 for filing any motion to amend the pleadings.

**6. EVIDENCE PRESERVATION**

The Parties have reviewed the Guideline Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in these actions. The Parties are in the process of drafting an appropriate protocol for production of ESI in this matter.

**7. DISCLOSURES**

The Parties intend to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) by April 18, 2025.

**8. DISCOVERY**

No discovery has been served to date. The Parties propose the below discovery plan and schedule pursuant to Fed. R. Civ. P. 26(f) and the Standing Order for All Judges of the Northern District of

California Regarding Contents of Joint Case Management Statement. The Parties do not believe that discovery should otherwise be phased or bifurcated.

**Plaintiffs' Statement**

Plaintiffs will principally seek discovery related to the advertising, labeling, marketing, formulation, sales and revenues associated with the Products.

**PepsiCo's Statement**

PepsiCo anticipates requesting discovery from Plaintiffs and members of the proposed class regarding, among other things: (1) their alleged purchases of the Products; (2) their alleged viewing and reliance on marketing and advertising of the Products; (3) their familiarity with and understanding of the regulatory scheme for the challenged labeling; (4) their purchase decisions relating to the Products; (5) their food and beverage consumption habits; and (6) their alleged harm, including monetary harm.

**9. CLASS ACTIONS**

Plaintiffs intend to move for class certification pursuant to Federal Rule of Civil Procedure 23(b) at the close of fact discovery. A proposed schedule is included at Paragraph 15 of this Statement. Both Parties affirm that they have reviewed the Procedural Guidance for Class Action Settlements.

**10. RELATED CASES**

The Parties are unaware of any related cases.

**11. RELIEF**

The relief sought by Plaintiffs includes but is not limited to:

a. Monetary damages to be determined at trial;

b. Plaintiffs' costs in connection with this action; and

c. Any other relief that the appropriate court deems just and proper.

PepsiCo denies that Plaintiffs are entitled to monetary damages or any other relief. PepsiCo believes that given Plaintiffs' theory of the case, damages will not be calculable on a class-wide or individual basis.

**12. SETTLEMENT AND ADR**

The Parties have had preliminary settlement discussions. Parties have further met and conferred

pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, regarding the available dispute resolution options. The Parties do not believe that court-sponsored ADR would be appropriate or effective at this time.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have declined to proceed before a Magistrate Judge.

**14. OTHER REFERENCES**

The Parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The parties agree that the factual and legal issues presented in this case cannot be further narrowed by agreement or motion at this time.

**16. EXPEDITED TRIAL PROCEDURE**

The Parties have conferred regarding the expedited trial procedure, and all Parties have agreed not to pursue the expedited trial procedure proposed in General Order No. 64 Attachment A.

**17. SCHEDULING**

**Plaintiffs' Statement**

Plaintiffs have proposed the below schedule for completion of discovery and motion practice so as to enable a class certification decision consistent with the practice of this Circuit. *E.g.*, *Woodward v. Labrada*, 2021 U.S. Dist. LEXIS 189649 (C.D. Cal. Aug. 31, 2021) ("to obtain certification, plaintiffs must establish 'some reasonable basis of computation of damages' that measures relief on a class wide basis") (internal citations omitted). Plaintiffs' model ensures that the Parties do not prematurely incur substantial and potentially unnecessary expert costs in advance of the Court's decision on certification, while also enabling a trial date consistent with PepsiCo's model.

| EVENT | DATE |
|---|---|
| Fed. R. Civ. P. 26(a) Disclosures | April 18, 2025 |
| Plaintiffs' Motion for Class Certification | January 15, 2026 |
| Defendant's Opposition to Plaintiffs' Motion | February 17, 2025 |

| EVENT | DATE |
|---|---|
| for Class Certification | |
| **Plaintiffs' Reply in Support of Motion for Class Certification** | March 17, 2026 |
| **Hearing on Class Certification** | At the Court's convenience, but no earlier than 20 days after briefing is complete |
| **Close of Fact Discovery** | January 30, 2026 |
| **Initial Additional Expert Disclosures** | October 15, 2026 |
| **Responsive Expert Disclosures** | November 15, 2026 |
| **Close of Expert Discovery** | December 15, 2026 |
| **Dispositive Motion Deadline** | January 15, 2027 |
| **Further Case Management Conference To Set Remaining Schedule** | February 15, 2027, 10:00 a.m. |

**PepsiCo's Statement**

PepsiCo has proposed a schedule below that will facilitate prompt and efficient completion of discovery and motion practice.  In contrast to Plaintiffs' schedule, PepsiCo proposes that all fact and expert discovery shall be completed *prior to* class certification and summary judgment briefing.  The schedule PepsiCo proposes is compact and efficient:  PepsiCo proposes that all fact and expert discovery shall be completed within 10 months of the Case Management Conference, by the end of January 2026.  The Parties would then immediately proceed with summary judgment and class certification motions.  Plaintiffs' proposal takes a staggered approach, with expert discovery and dispositive motion practice extending nearly a year after class certification.

PepsiCo's proposal provides for superior case management and should be adopted by the Court.  Under PepsiCo's proposal, discovery pertaining to any evidence, including expert opinions, which either party intends to present in connection with a motion for class certification, motion for summary judgment, or any opposition or reply thereto must be completed before those motions are filed.  This will

ensure that no party can introduce evidence that has not been disclosed or subject to discovery on rebuttal or reply, and it will ensure that resolution of these motions is not delayed or impeded by vague assertions about what the evidence may show in the future. PepsiCo's proposed schedule therefore will ensure that the Court and the Parties have all relevant evidence needed to prepare and evaluate the critical motions in the case.

Plaintiffs' approach, by contrast, would leave the record open even after they move for class certification, making it more difficult for the Court and Parties to assess whether the standard for certification has been met. Analysis of whether the requirements of Federal Rule of Civil Procedure 23 has been satisfied "[f]requently . . . will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Plaintiffs' approach would create *de facto* bifurcation of discovery into class discovery and merits discovery, particularly with respect to expert testimony. This Court generally does not favor bifurcated discovery because it can present substantial case management issues. *Imran v. Vital Pharms., Inc.*, No. 18-cv-5758, 2019 WL 13207582, at *1 (N.D. Cal. Sept. 4, 2019). "Although bifurcation may be appropriate when the parties are in agreement, bifurcation in the absence of agreement often results in the parties expending significant time and expense fighting over whether particular discovery requests involve class certification or the merits." *Urban v. Tesla, Inc.*, 698 F. Supp. 3d 1124, 1138 (N.D. Cal. 2023) (Pitts, J.). Class discovery and merits discovery cannot be neatly bifurcated here, even as to expert discovery, because analysis of consumer expectations, preferences, and purchase habits is relevant to both class and merits issues. Plaintiffs' contention that their schedule would prevent the Parties from incurring unnecessary expert costs is also not correct. PepsiCo will be forced to engage experts to oppose Plaintiffs' early motion for class certification. Their schedule would create two rounds of expert work—both before and after class certification—which is inefficient and even more expensive. PepsiCo's schedule would ensure that all discovery (including all expert discovery) is completed promptly without any need to distinguish between the two categories.

Plaintiffs have asserted that PepsiCo's labeling is misleading. They should be prepared to prove their claims promptly, without waiting for certification to see if it will be cost-effective for them to proceed. PepsiCo's proposed schedule holds the Parties to account and should be adopted by the Court.

| Event | Proposed Deadline |
|---|---|
| Fed. R. Civ. P. 26(a) Disclosures | April 18, 2025 |
| Close of Fact and Expert Discovery | January 30, 2026 |
| Motions for Summary Judgment and/or Class Certification | February 27, 2026 |
| Oppositions to Summary Judgment and Class Certification Motions | March 30, 2026 |
| Reply Briefs in Support of Summary Judgment and Class Certification Motions | April 20, 2026 |
| Hearing on Summary Judgment and Class Certification Motions | At the Court's convenience, but no earlier than 20 days after briefing is complete |

**18. TRIAL**

Plaintiffs have requested a jury trial. The trial is expected to last for 5 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Both Parties have filed the "Certification of Interested Entities or Persons" as required by N.D. Cal. L-R 3-15. Dkt. 13, 46. PepsiCo restates the contents of its Certification of Interested Entities or Persons here, and reiterates that there are no non-party persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities have (i) a financial interest in the subject matter in controversy or in a party to the proceeding or (ii) a non-financial interest that could be substantially affected by the outcome of this proceeding.

**20. PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | | |
|---|---|---|
| 1 | Dated: March 21, 2025 | Respectfully Submitted, |
| 2 | | */s/ Michael D. Braun* |
| 3 | | JUST FOOD LAW PLLC |
| | | Maia Kats (pro hac vice) |
| 4 | | maiakats@justfoodlaw.com |
| 5 | | 5335 Wisconsin Avenue, NW, Ste. 440 |
| | | Washington, DC 20015 |
| 6 | | Telephone: (202) 243-7910 |
| 7 | | KUZYK LAW, LLP |
| | | Michael D. Braun (SBN 167416) |
| 8 | | mdb@kuzykclassactions.com |
| | | 2121 Avenue of the Stars, Ste. 800 |
| 9 | | Los Angeles, CA 90067 |
| 10 | | Telephone: (213) 401-4100 |
| | | Facsimile: (213) 401-0311 |
| 11 | | *Attorneys for Plaintiffs* |
| 12 | | |
| 13 | Dated: March 21, 2025 | Respectfully Submitted, |
| 14 | | */s/ Andrew S. Tulumello* |
| | | ANDREW S. TULUMELLO (SBN #196484) |
| 15 | | drew.tulumello@weil.com |
| 16 | | ARIANNA SCAVETTI, *pro hac vice* |
| | | arianna.scavetti@weil.com |
| 17 | | DAN NADRATOWSKI, *pro hac vice* |
| | | daniel.nadratowski@weil.com |
| 18 | | WEIL, GOTSHAL & MANGES LLP |
| 19 | | 2001 M Street NW, Suite 600 |
| | | Washington, DC 20036 |
| 20 | | Tel: 202 682 7000 |
| | | Fax: 202 857 0940 |
| 21 | | *Attorneys for Defendant PepsiCo, Inc.* |

**ATTESTATION REGARDING SIGNATURES**

I, Andrew S. Tulumello, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: March 21, 2025                                By: */s/ Andrew S. Tulumello*
                                                              Andrew S. Tulumello

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Electronic Service List for this case.

By: */s/ Andrew S. Tulumello*
Andrew S. Tulumello