UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN MCCAUSLAND, et al., | Case No. 23-cv-04526-PCP |
| Plaintiffs, | |
| v. | **CASE MANAGEMENT ORDER** |
| PEPSICO, INC., | |
| Defendant. | |

Based on the Joint Case Management Statement and the discussions held at the April 4, 2025 Case Management Conference, the following schedule is set for this case:

**Deadlines**

- Fed. R. Civ. P. 26(a) Disclosures — April 18, 2025
- Joinder and Other Amendments — July 10, 2025
- Motion for Class Certification — January 15, 2026
- Opposition to Motion for Class Certification — February 17, 2026
- Reply in Support of Class Certification Motion — March 17, 2026
- Close of Fact Discovery[1] — January 30, 2026
- Initial Additional Expert Disclosures — October 15, 2026
- Responsive Expert Disclosures — November 15, 2026
- Close of Expert Discovery — December 15, 2026
- Filing of Dispositive/*Daubert* Motion(s) — January 15, 2027

---

[1] If additional factual discovery is necessary after the Court issues its order on the motion for class certification, the parties should submit a stipulation and proposed order providing therefor. If the parties cannot agree upon the terms of such a stipulation, either party may request that the Court schedule a status conference to address that issue.

|   |   |
|---|---|
| • Trial Setting Conference | May 4, 2027 |
| • Jury Trial (5 days) | TBD |

*Standing Order.* The parties shall comply with the Court's Standing Order for Civil Cases, available at cand.uscourts.gov/judges/pitts-p-casey-pcp or from the Clerk of the Court.

*Amending Pleadings.* Federal Rule of Civil Procedure 15 requires the Court to "freely give leave" to amend "when justice so requires." The Court expects parties not to unreasonably withhold consent to another party's proposed amendments. If the parties cannot stipulate to an amendment, any motion to amend shall be submitted by the deadline for amending the pleadings.

*Discovery.* The parties shall comply with the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure. Any disputes with respect to discovery or disclosure are referred to the assigned Magistrate Judge. Discovery motions must be filed no more than seven days after the applicable discovery cutoff. *See* Civil L.R. 37-3.

*ADR.* By May 2, 2025, the parties shall meet and confer in order to reach an agreement on an ADR process, and file either (1) the form entitled "Stipulation and (Proposed) Order Selecting ADR Process" if an agreement is reached, or (2) the form entitled "Notice of Need for ADR Phone Conference." If the parties select private mediation, the form shall also identify a mediator. As explained in the Court's standing order, cases will generally not be referred for settlement conferences with a magistrate judge unless the parties have already attempted one of the other processes listed in ADR Local Rule 3-4.

*Summary Judgment.* If the parties file cross-motions for summary judgment, four briefs will be allowed: (1) a 25-page opening brief by plaintiff(s); (2) a 25-page opening/opposition brief by defendant(s); (3) a 20-page opposition/reply brief by plaintiff(s); and (4) a 15-page reply brief by defendant(s). The parties may agree to reverse the order (defense files first) without a court order. Before the first brief is filed, the parties must stipulate to a briefing schedule with the final brief filed at least 21 days before the hearing. Joint statements of undisputed facts are not required but are helpful if fully agreed upon. Separate statements of undisputed facts may not be filed.

*Modification.* This schedule may be modified only by Court order for good cause. The parties may request modification by stipulation or by filing an administrative motion pursuant to Civil Local Rule 7-11. Requests to modify a deadline must be made before that deadline.

**IT IS SO ORDERED.**

Dated: April 11, 2025

P. Casey Pitts
United States District Judge